MARKS, Jr., Judge ad hoc.
In this suit plaintiff corporation, Acker-man Tool & Construction Company, Inc., demands of defendant, Robert J. McArthur, the return for cancellation of a certificate, dated March 26, 1952, for ten shares of the corporation’s stock, and, in the alternative, a judgment for $1,000, the par value of the stock.
Plaintiff’s petition avers that the certificate for ten shares was issued to defendant without consideration. Defendant’s an answer denies this allegation and avers that the certificate “was rightfully acquired by him from said corporation for good and valuable consideration in that it was issued to him by said corporation for past services and labor performed by him for the benefit of said corporation."
After a trial below plaintiff’s suit was dismissed and it has taken this appeal.
*508 The proof adduced at the trial without objection presents a situation entirely different from that alleged in the petition and answer.
Frank F. Ackerman, president of plaintiff corporation, had been engaged in business for some time when he decided to incorporate. Accordingly, by notarial act dated February 21, 1952, the plaintiff corporation was formed. According to Acker-man’s testimony he and his wife were the incorporators and, needing a “dummy”, used the defendant McArthur as the third incorporator. McArthur had been working as ofiice manager for Ackerman since June 10, 1951. He signed the Articles of Incorporation which recited that he subscribed for ten shares. However, Ackerman says that he, Ackerman, and his wife, “owned the entire stock” and refers to the use of Mc-Arthur as an incorporator by saying: “We needed a dummy at the time.” Acker-man’s testimony negatives the idea that it was intended that McArthur subscribe for ten shares, and the petition does not seek to allege a cause of action based on an unpaid subscription for ten shares.
Ackerman describes the arrangement under which McArthur acquired the stock in the following language:'
“At the time of the incorporation there were five men working for me and I advised these men that if they would take stock in the company I would issue it to them for every $50 they paid me and I would give them credit for $50.”
Ackerman testifies further that McArthur worked for him a few months after the stock was issued and then resigned, and never paid any money at all.
McArthur’s story of the arrangement is entirely different. He testifies that in October or November of 1951, Ackerman decided that he would incorporate the business; that at a meeting held at that time attended by Ackerman, his son, McArthur and three other persons, Ackerman announced that he wanted each of those present to have a five per cent interest, or ten shares each, and that payment therefor would be on the basis of $50 per month given to them over and above their salaries each and every month, retroactive to the date of their employment; that subsequently, however, Ackerman told McArthur that, whereas he was going through with the incorporation, hé was not going to include any others in the stock arrangement and “for the past services you have rendered and stuck by me and with me, I am going to’ include your ten shares outright as a. gift.”
As the trial judge did not hand down written reasons we do not know how he resolved this conflict in testimony between the two witnesses. However, we do not believe that it is necessary to resolve this conflict. It seems to us that the case must be decided on the basis of whether or not there was proved on behalf of the plaintiff corporation, rather than on behalf of the individual, Ackerman, a cause of action for the return to the corporation for cancellation of the ten shares.
As pointed out above Ackerman testifies that he and his wife owned all of the stock. This appears to be a logical result as apparently the corporation was formed by a transfer to it of a business theretofore operated under the sole proprietorship of Ac-kerman. According to Ackerman’s story he made the arrangement whereby he would cause to be issued stock worth $100 to each man upon the payment of $50, crediting each with an additional $50. Whether he subsequently 'Cancelled the obligation to pay the cash, as McArthur contends, does not appear to us to be a matter that has to be determined for purposes of deciding this case. If Ackerman’s statement of the arrangement he made is correct and McArthur got stock belonging to Ackerman for which he, McArthur, paid nothing, then Ackerman himself may, with some show of justification, be entitled to complain, but the corporation cannot.
We are, therefore, of the opinion that the trial judge was correct in dismissing plaintiff’s suit. We do not decide whether Ack-erman individually has or has not a right to the -return of the stock from McArthur. *509 We find only that plaintiff corporation has not been shown to have such a right.
For the reasons assigned, it is ordered, adjudged and decreed that the judgment appealed from be affirmed.
Affirmed.